IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JAMILAH S., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:23-cv-01048-BT |
| | § | |
| MICHELLE KING, | § | |
| ACTING COMMISSIONER | § | |
| OF SOCIAL SECURITY[1], | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM OPINON AND ORDER**

Before the Court is Plaintiff Jamilah S.'s[2] civil action seeking judicial review pursuant to 42 U.S.C. § 405(g) of a final adverse decision by the Commissioner of Social Security. For the reasons explained below, the Court REVERSES the Commissioner's decision and REMANDS the case to the Commissioner.

## **Background**

Plaintiff was born in 1981. Admin. R. 204 (ECF No. 11-4). She has a GED, and she has worked as a phlebotomist. Admin. R. 229, 248 (ECF No. 11-4). Plaintiff

---

[1] In January 2025, Michelle King became the Acting Commissioner of Social Security. Acting Commissioner Michelle King, Soc. Sec. Admin., https://www.ssa.gov/agency/commissioner [https://perma.cc/Q2ZD-DP4G]. She is "automatically substituted" as the defendant here. Fed. R. Civ. P. 25(d).

[2] The Court uses only Plaintiff's first name and last initial as instructed by the May 1, 2018, Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions issued by the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

alleges that she is disabled due to a variety of physical and mental impairments, including bilateral knee pain, right heel pain, back pain, panic attacks, anxiety, depression, diabetes, and obesity. *See* Admin. R. 223 (ECF No. 11-4); Pl.'s Brief 2 (ECF No. 14). She applied for disability insurance benefits under Title II of the Social Security Act alleging disability beginning in 2014. Pl.'s Brief 1 (ECF No. 14). In connection with her most recent administrative hearing[3], Plaintiff requested a closed period of benefits from April 8, 2014 to September 6, 2019. Admin. R. 195 (ECF No. 11-4).

After hearing testimony from Plaintiff and a Vocational Expert (VE), the Administrative Law Judge (ALJ) found Plaintiff was not disabled during the relevant period, and thus she was not entitled to disability benefits. Utilizing the five-step sequential evaluation[4], the ALJ first found that Plaintiff had not engaged

---

[3] Plaintiff's claim was denied initially on April 30, 2015. Pl.'s Brief 1 (ECF No. 14). She thereafter filed a written request for a hearing and an Administrative Law Judge held a hearing in August 2017. *Id.* The ALJ issued an unfavorable decision on December 7, 2017. *Id.* Plaintiff exhausted her administrative remedies, and the case was ultimately remanded by the Western District of New York in June 2019. *Id.* Another hearing was held in January 2020. *Id.* The ALJ issued a Notice of Recommended Decision on March 9, 2020, again denying benefits. *Id.* at 2. The Appeals Council assumed jurisdiction and remanded for further proceedings. *Id.* A third hearing was held on October 12, 2022. *Id.* The ALJ issued a third unfavorable decision on June 20, 2023, which Plaintiff appealed directly to this Court. *Id.*; Admin R. 206 (ECF No. 11-4).

[4] "In evaluating a disability claim, the [ALJ] conducts a five-step sequential analysis to determine whether (1) the [plaintiff] is presently working; (2) the [plaintiff] has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the [plaintiff] from doing past relevant work; and (5) the impairment prevents the [plaintiff] from doing any other substantial gainful

in substantial gainful activity during the closed period of disability. Admin. R. 197 (ECF No. 11-4). At the second step, the ALJ found that Plaintiff suffered from the severe impairments of "diabetes mellitus, obesity, anxiety disorder, and depressive disorder" which "significantly limit the ability to perform basic work activities." Admin R. 198 (ECF No. 11-4). At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any listed impairment in appendix 1 of the social security regulations. Admin. R. 198 (ECF No. 11-4).

Before proceeding to the fourth step, the ALJ found that Plaintiff retained the residual functional capacity (RFC) to

> perform light work as defined in 20 CFR 404.1567(b) with exceptions. She can never tolerate exposure to moving mechanical parts or high exposed places. The claimant can understand, remember, and carry out simple instructions. She can use judgment to make simple work-related decisions. She cannot perform work that requires specific rate production, such as assembly line work, or work that requires hourly quotas. She can tolerate occasional interaction with coworkers and supervisors but no tandem tasks. She can never directly interact with the general public. She can tolerate occasional changes in routine work setting.

---

activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007). The plaintiff bears the initial burden of establishing a disability through the first four steps of the analysis; at the fifth step, the burden shifts to the ALJ to show that there is other substantial work in the national economy that the plaintiff can perform. *Id.* at 448; *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (citations omitted). A finding that the plaintiff is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Copeland*, 771 F.3d at 923 (citing *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995)); *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987) (citing *Barajas v. Heckler*, 738 F.2d 641, 643 (5th Cir. 1984) (per curiam)).

Admin R. 200 (ECF No. 11-4).

At step four, the ALJ found that Plaintiff was unable to perform any past relevant work as a phlebotomist. Admin. R. 204 (ECF No. 11-4). Relying on the VE's testimony, at step five, the ALJ found that Plaintiff could perform other jobs that exist in significant numbers in the national economy, such as hand packager, assembler-small products, and final assembler, as those jobs are described in the Dictionary of Occupational Titles (DOT). Admin. R. 205 (ECF No. 11-4). Therefore, the ALJ found that Plaintiff had not been under a disability as defined by the Social Security Act, and was not entitled to benefits. Admin. R. 205-06 (ECF No. 11-4).

Plaintiff appealed the ALJ's decision directly to this Court. Pl.'s Brief 2 (ECF No. 14). In two grounds, Plaintiff argues (1) the ALJ erred in assessing her RFC because the ALJ rejected a treating physician's opinion and (2) the ALJ erred in accepting VE testimony that conflicted with the assessed RFC.

## Legal Standard

Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits is supported by substantial evidence and whether the proper legal standards were utilized. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)). Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564. The reviewing court does "not reweigh the evidence, try the issues de novo, or substitute" its own judgment, but rather

4

scrutinizes the record as a whole to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236. An "ALJ's decision is not subject to reversal, even if there is substantial evidence in the record that would have supported the opposite conclusion, so long as substantial evidence supports the conclusion that was reached by the ALJ." *Corpany v. Colvin*, 2014 WL 1255316, at *9 (N.D. Tex. Mar. 26, 2014) (citing *Dollins v. Astrue*, 2009 WL 1542466, at *5 (N.D. Tex. June 2, 2009)).

"Absent an error that affects the substantial rights of a party, administrative proceedings do not require 'procedural perfection.'" *Wilder v. Colvin*, 2014 WL 2931884, at *5 (N.D. Tex. June 30, 2014) (quoting *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012)). "The ALJ is not required to discuss every piece of evidence in the record nor must the ALJ follow formalistic rules of articulation." *Hunt v. Astrue*, 2013 WL 2392880, at *7 (N.D. Tex. June 3, 2013) (citing *Castillo v. Barnhart*, 151 F. App'x 334, 335 (5th Cir. 2005)); *see also Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994) ("That [the ALJ] did not follow formalistic rules in her articulation compromises no aspect of fairness or accuracy that her process is designed to ensure."). "Procedural errors affect the substantial rights of a claimant only when they 'cast into doubt the existence of substantial evidence to support the ALJ's decision.'" *Wilder*, 2014 WL 2931884, at *5 (quoting *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988)). "Remand is required only when there is a realistic possibility that the ALJ would have reached a different conclusion absent the

procedural error." *Id.* (citing *January v. Astrue*, 400 F. App'x 929, 933 (5th Cir. 2010)).

### Analysis

Plaintiff's appeal raises a single ground for relief that compels remand: the ALJ erred in accepting VE testimony that conflicted with Plaintiff's assessed RFC. *See* Pl.'s Brief 16-19 (ECF No. 14).

The burden of proof shifts to the Commissioner at step five of the inquiry to prove that other work, aside from the claimant's past work, can be performed by the claimant. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989)). In establishing the existence of a significant number of jobs available, the ALJ may rely on VE testimony in response to hypothetical questions—as he did in this case—or on the "the Grids," the Medical-Vocational Guidelines promulgated for this determination. *See Newton v. Apfel*, 209 F.3d 448, 458 (5th Cir. 2000); 20 C.F.R. Pt. 404, Subpt. P, App. 2.

When a VE gives inherently inconsistent, conflicting, or contradictory testimony, such testimony is insufficient to carry the Commissioner's step-five burden. *See, e.g., Osborne v. Berryhill*, 2017 WL 4342127, at * 6 (N.D. Tex. Sept. 12, 2017) (holding that the VE's "contradictions and/or ambiguous statements" were "not adequate" to meet the Commissioner's burden); *Goode v. Comm'r of Soc. Sec.*, 966 F.3d 1277, 1282–83 (11th Cir. 2020) ("The vocational expert's testimony was internally inconsistent, and created a critical void in the record. It

is not our job or duty to speculate on what the testimony would have been without the error."); *Kimbra L. v. Acting Comm'r of Soc. Sec.*, 2021 WL 3088713, at *4 (W.D. Wash. July 22, 2021) ("The Court is not persuaded that the ALJ met his burden . . . by relying on VE testimony that was internally inconsistent."); *see also Fister v. Astrue*, 2012 WL 4685358, at *26 (N.D. Cal. Sept. 30, 2012) (finding that an ALJ's step-four determination that the plaintiff could perform his past relevant work was flawed because the ALJ relied on "internally inconsistent" VE testimony); *Duran v. Astrue*, 654 F. Supp. 2d 1298, 1304 (D. Colo. 2009) (same regarding an ALJ's step-five finding).

In determining Plaintiff's RFC in this case, the ALJ determined that Plaintiff "cannot perform work that requires specific rate production, such as assembly line work, or work that requires hourly quotas." Admin R. 200 (ECF No. 11-4). Specifically, the ALJ explained that Plaintiff's anxiety disorder and depressive disorder were severe impairments which he accounted for by limiting Plaintiff to, among other things, "work in a low stress job, defined as having no fixed production quotas." Admin R. 203 (ECF No. 11-4).

At the administrative hearing, the VE testified that a hypothetical person of Plaintiff's age, education, work experience, and limitations—including a limitation that the individual "would not be able to perform work requiring specific rate production"—could work as a hand packager, an assembler of small products, and a final assembler. Admin R. 248 (ECF No. 11-4). But when Plaintiff's attorney

subsequently examined the VE, the VE acknowledged that the identified jobs are "production jobs":

> Q: So the [identified jobs], those all sound like production jobs. Is that correct?
>
> A: You have to produce at the end of the day. It's not piecework. It's not per piece, and it's not an assembly line.
>
> Q: So they have a quota. Correct?
>
> A: At the end-of-day quota[.]

Admin R. 250 (ECF No. 11-4). The ALJ relied on the VE's testimony to determine that Plaintiff could work as a hand packager, assembler-small products, and final assembler. Admin. R. 205 (ECF No. 11-4).

Plaintiff argues that a conflict exists between the ALJ's RFC finding that Plaintiff could not perform work requiring "specific rate production" or "fixed production quotas" and his finding that Plaintiff could perform the identified jobs, which the VE testified required at least daily quotas. Pl.'s Brief 18. Plaintiff argues that the ALJ's failure to address this conflict warrants remand. *Id.*

In response, the Commissioner argues that the VE's testimony that the identified jobs were not piecework, per piece, or an assembly line is consistent with the ALJ's RFC finding as incorporated into the pertinent hypothetical question. Comm'r.'s Brief 9. The Commissioner contends that Plaintiff's attorney questioned the VE with a hypothetical about an individual who would not be able to maintain pace a third of the day, *see* Comm'r.'s Brief 10, and that "an ALJ cannot be bound by VE testimony based on hypothetical assumptions that the ALJ did not

ultimately adopt, *see id.* (citing *Owens v. Heckler*, 770 F.2d 1276, 1282 (5th Cir. 1985)). However, Plaintiff's argument does not have to do with the hypothetical posed by her attorney. The VE testified that the identified jobs are "production jobs" that have an "end-of-day quota" prior to Plaintiff's attorney asking the hypothetical question about a person who has issues keeping pace. *See* Admin R. 250 (ECF No. 11-4).

The Court agrees with Plaintiff that the VE gave contradictory testimony—asserting initially that a hypothetical individual with a limitation of no work requiring specific rate production *could* work as a hand packager, an assembler of small products, and a final assembler, as described by the DOT; but then recognizing that these identified jobs were "production jobs" that would have an end-of-day quota. And the ALJ incorporated this conflict into the written decision without explanation. The VE's contradictory testimony is insufficient to carry the Commissioner's step-five burden. *See, e.g., Osborne*, 2017 WL 4342127, at * 6; *Goode*, 966 F.3d at 1282–83; *Kimbra L.*, 2021 WL 3088713, at *4; *Fister*, 2012 WL 4685358, at *26; *Duran*, 654 F. Supp. 2d at 1304.

Plaintiff can also show that she was prejudiced by the ALJ's failure to accord his step-five finding with the VE's testimony. *See Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988) (because "[p]rocedural perfection in administrative proceedings is not required," a court "will not vacate a judgment unless the substantial rights of a party are affected"). To establish prejudice, Plaintiff must show this failure of the ALJ to properly consider the VE's testimony casts doubt

9

onto the existence of substantial evidence supporting the disability determination. *See McNair v. Comm'r of Soc. Sec.*, 537 F. Supp. 2d 828, 827 (N.D. Tex. 2009) ("Procedural errors in the disability determination process are considered prejudicial when they cast doubt onto the existence of substantial evidence in support of the ALJ's decision.") (citing *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988)).

Here, the contradiction between the ALJ's step-five finding and the VE's testimony is material. Critically, the burden is on the Commissioner at step five to identify gainful employment available in the national economy that Plaintiff can perform. *Jeff Ivan M. v. Berryhill*, 2019 WL 3847992, at *6 (N.D. Tex. July 26, 2019) (citing *Myers v. Apfel*, 238 F.3d 617, 621-22 (5th Cir. 2001)). Accordingly, because the ALJ was required to rely on the testimony of a VE and failed to reform or even address the VE's contradictory testimony, the ALJ did not carry the Commissioner's step-five burden, and his opinion is not supported by substantial evidence. The ALJ's decision must thus be reversed.

## Conclusion

For these reasons, the final decision of the Commissioner is REVERSED and REMANDED for further proceedings consistent with this opinion.

**SO ORDERED**.

March 5, 2025.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE